# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RIDE THE DUCKS SEATTLE LLC,<br>    Plaintiff,<br><br>v.<br><br>RIDE THE DUCKS<br>INTERNATIONAL LLC,<br>    Defendant.<br><br>―――――――<br><br>RIDE THE DUCKS<br>INTERNATIONAL LLC,<br>    Plaintiff,<br><br>v.<br><br>BRIAN TRACEY, et al.,<br>    Defendants. | CASE NO. C19-1496 MJP<br><br>CASE NO. C19-1530 MJP<br><br>ORDER OF CONSOLIDATION |

This order concerns two cases presently before this Court: Ride the Ducks Seattle, LLC v. Ride the Ducks International, LLC et al, United States District Court Western District of Washington Cause No. 2:19-cv-01408-MJP ("C19-1408"); and Ride the Ducks International, LLC v. Tracey, et al., United States District Court Western District of Washington Cause No.

2:19-cv-01530-MJP ("C19-1530"). The parties to C19-1408 include: plaintiff Ride the Ducks Seattle, LLC ("RTDS"); defendant Ride the Ducks International, LLC ("RTDI," which is the plaintiff in C19-1530); defendant Chris and Jane Doe Herschend; and Herschend Family Entertainment Corporation. The defendant in C19-1530, Brian Tracey, is the owner and CEO of RTDS, which is the plaintiff in Cause C19-1408.

Both actions arise out of a transaction and motor vehicle collision concerning an amphibious vehicle that was involved in a September 24, 2015 collision on the Aurora Bridge in Seattle. RTDI sold the amphibious vehicle to RTDS, and RTDS used the amphibious vehicle to operate land and water tours in Seattle, Washington. The amphibious vehicle was involved in a tragic collision that resulted in five deaths and injured dozens during an RTDS tour.

The allegations asserted in both actions involve the rights and responsibilities of the parties to one another, some or all of them, in relation to the transaction, applicable contracts, and/or violations of Washington's Consumer Protection Act, RCW 19.86 *et seq*. In essence, RTDS and RTDI each assert that the other and its alleged owners are responsible for the September 24, 2015 accident which gives rise to relief for damages, including treble damages under Washington's Consumer Protection Act. As a result, both actions concern substantially the same parties, property, transaction, and events. LCR 3(f)(2)(A).

It appears that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted as separate proceedings. LCR 3(f)(2)(B). With that in mind,

IT IS ORDERED that Case No. C19-1408 and Case No. C19-1530 are consolidated for all purposes (up to and including trial), and will proceed forward under Case No. C19-1408. The caption will be modified to identify Ride the Ducks, International LLC as the Defendant and

Cross-Plaintiff of the consolidated action, and all pleadings from this point forward will be filed under Case No. C19-1408.

IT IS FURTHER ORDERED that Case No. C19-1530 shall be closed.

The clerk is ordered to provide copies of this order to all counsel in both matters.

Dated November 22, 2019.

Marsha J. Pechman
United States Senior District Judge